*N. Hawley,* for plaintiffs.
*S. S. Phelps,* for defendant.

———————⌾————————

TOWN OF NEW-HAVEN *vs.* CITY OF VERGENNES.

Where a person was warned to depart from a town, to prevent his gaining a legal settlement therein, by virtue of the act of 1801, and the officer's return on the warning was not recorded by the town clerk, it was held,

1. That the proceedings were void for want of such recording.

2. That the recording ought to have been completed within a year from the commencement of the pauper's residence in said town, and that no alteration nor amendment of the records, or officer's return, afterwards, could legalize the proceedings.

3. That it ought to appear that the constable who served the warning delivered to the person designated in it, or left at the house of his usual abode, a true and attested copy thereof, *with his return thereon.*

4. That where the precept was to be served on a number of persons, it ought to appear from the return that such a copy was left with each one.

This was an appeal from an order for the removal of *Chloe Langworthy,* the wife of *Sheffield Langworthy,* a pauper, from *New-Haven* to *Vergennes,* as the place of her last legal settlement. Issue to the court, whether *Vergennes* was the place of the pauper's last legal settlement ?

On the trial at the last December term of the county court, WILLIAMS, J. presiding, the defendants relied, in their defence, on

M

ADDISON,
January,
1830.

New-Haven
*vs.*
Vergennes.

showing that the pauper had never gained any legal settlement in *Vergennes*, and undertook to prove that she had been duly warned to leave the town agreeably to the provisions of an act passed Nov. 6, 1801, since repealed ; and, for this purpose, they introduced the records of *Vergennes*, by which it appeared that on the 16th day of February, 1813, a warning had been issued by the proper authority directing the constable to warn *Sheffield Langworthy*, the husband of the pauper, and a number of other persons, to depart said town with their families.   The defendants also offered in evidence the original warning, with the constable's return thereon, which was in these words : " Feb. 1, 1813—Then served this. " warning by putting a true and attested copy of the same into the " hands of the within named persons."

Fees—6 copies—$1,

2 miles travel 0,12

_____

$ 1,12.                    *Asa Strong*, constable."

This return had not been recorded by the town clerk.

It was admitted by the parties, that if the before mentioned record, and the warrant and return thereon, were legal, the pauper had not gained a legal residence in *Vergennes*, and that said removal could not be sustained : but if they should be adjudged illegal, the removal was to be considered valid.   The court decided that the proceedings were not legal, and did not therefore prevent the pauper from gaining a settlement in *Vergennes*.

The defendants then moved that the constable who served the warning might be permitted to amend his return, so that it might appear he had left a copy with each person named in it ; and also, by correcting the date of the return.   But the motion was overruled and judgement rendered for the town of *New-Haven*, that said pauper was unduly removed.

The defendants excepted to the decision, and the case was reserved for the opinion of this Court.

*Woodbridge & Hawley, for Vergennes*, cited *Reading* vs. *Rockingham*, 2 *Aik, Rep.* 272 ;—*Townsend* vs. *Athens*, 1 *Ver. Rep.* 284.

*Bates, for New-Haven*, cited *Castleton* vs. *Clarendon, Bray. Rep.* 181 ;—*Brandon* vs. *Pittsford, do.* 183 ; and *Townsend* vs. *Athens*, 1 *Ver. Rep.* 284.

Addison,
January,
1830.

New-Haven
vs.
Vergennes.

WILLIAMS J. delivered the opinion of the Court.—The only question in this case is, whether the warning read was sufficient to prevent the pauper from gaining a settlement in *Vergennes* ?

The warning, and the proceedings thereon, are so obviously defective that it seems as if there was scarcely an attempt to comply with the statute. Two of the defects only will be noticed.

The town clerk has not recorded the officer's return on the warning. The statute, which was in force when the warning was served, and which regulated the proceedings in relation to warning out persons to prevent them from obtaining a settlement, expressly made it the duty of the constable to return the precept for warning, with his proceedings thereon, to the town clerk, within eight days after service ; and it was made the duty of the clerk to record both the precept and return. That which is required to be recorded must be recorded within a year from the time the persons came into town, to prevent their gaining a settlement therein. *Mountholly* vs. *Panton, Bray. Rep.* 182. All persons interested in the question of settlement are to recur to the records to ascertain, whether a person has been legally warned ; and what does not appear of record may be treated as not having been done.

From this view of the case it is manifest, that this warning, and the proceedings thereon, cannot now be made legal either by the production of the original warning, or by the constable's amending his return on the original, if that was defective. The settlement of the pauper was fixed in *Vergennes* at the end of the year, if the proper measures had not then been completed to prevent such settlement.

But if the original precept, with the officer's return thereon, had been recorded, it will be found that it is not conformable to the statute. The constable does not state in his return that he delivered a copy of the precept, *with his return thereon,* to the persons therein named. The law requires that these precepts should be served in the same manner as writs of summons are to be served ; and writs of summons are to be served by delivering to the defendant, or leaving at the house of his usual abode, a true and attested copy of the writ, *with the officer's return thereon* : and there is no difference in this respect whether the copy is delivered to the defendant personally, or left at his house ; the duty of the officer is the same. This return would be bad as a writ of summons, and it is a defect in the service of this warning which prevents it from having any effect in preventing the persons named therein

ADDISON,
January,
1830.
from obtaining a settlement in *Vergennes*. This was decided in the case of *Castleton* vs. *Clarendon, Bray. Rep.* 181.

New-Haven
vs.
Vergennes.
There is another defect in this service. The constable does not state that he has delivered a copy to each of the persons to be warned out, and it does not appear that the warning was ever served on the pauper who was removed. This question has also been decided in the case of *Waterford* vs. *Brookfield*, *(2 Vt. Rep.* 200.) A return precisely similar to this was adjudged to be bad. The judgement of the county court must, therefore, be affirmed.

Judgement affirmed.

*Bates*, for the town of *New-Haven*.
*Woodbridge* and *Hawley*, for *Vergennes*.