The town of Royalton, *v.* The town of West-
Fairlee.

A married woman, where her husband has a legal settlement within the
state, retains that settlement after divorce *a vinculo*, and is not remitted
to her maiden settlement.

This was an appeal from an order made by two justices, for
the removal of Hannah Buckland from the town of Royal-
ton to the town of West-Fairlee.

Plea, Unduly removed, which by agreement of parties was
joined to the court.

It was agreed that the pauper, who was born in 1801 or
1802, was duly married to Joseph M. Buckland, of Tun-
bridge, in Orange county, at said Tunbridge, on the 16th
day of February, 1823, the said Joseph M. Buckland then
being of the age of 21 years, and that upon said marriage
being had, the said Hannah and Joseph M. lived and cohabi-
ted together several years. At the February term of the su-
preme court holden at Chelsea in the county of Orange,
1837, a bill of divorce from the bonds of matrimony was
obtained from the said Hannah, by and on the petition of
the said Joseph M., solely upon the ground that the pauper
had absented herself from him, for more than three years.
It was further agreed, that at the time of said marriage the
pauper had a derivative settlement from her father, in said
West-Fairlee, and that at the same time, and also, at the
time said divorce was granted, the said Joseph M. had a set-
tlement, either in said town of Royalton or in Tunbridge, in
Orange county, that his settlement was still in one of said
towns and that he never had a settlement in said West-Fair-
lee.

From the foregoing facts, the county court decided that
the pauper's last legal settlement was not in West-Fairlee,
and, therefore, that the pauper was unduly removed.

To which decision the appellees excepted.

*J. Converse*, for appellees.

Upon the divorce the pauper was remitted to her maiden
settlement and she could not, afterwards, take a derivative
settlement from her husband. Her rights, as a *feme sole*,
were suspended by the marriage, but restored by the di-
vorce.

The case of *Dalton* v. *Bernardston,* 9 Mass. R. 201, was decided without much investigation, and might, moreover, have turned upon the particular provision of the statute of that state.

*L. B. Peck,* for defendants.

By the intermarriage of the pauper with Buckland, she acquired his settlement, which she retains until one is gained in her own right. The settlement thus derived from the husband was not lost or affected by the divorce, and,' consequently, the pauper was unduly removed. *Dalton* v. *Bernardston,* 9 Mass. R. 201. *Guilford* v. *Oxford,* 9 Conn. R. 321.

The opinion of the court was delivered by

REDFIELD, J.—If the husband had no settlement within the state, then, after the dissolution of the coverture, the wife is remitted to her maiden settlement. And even before the dissolution of the coverture, if the husband abscond, the wife may be removed to her settlement.

But if the husband have a settlement, the wife, on marriage, takes that settlement, and after his death retains it.

We think when the coverture is determined by a decree of divorce *a vinculo,* she is not remitted to her maiden settlement, but retains that of the husband. There is the same reason, almost, why she should do so, as if the husband were dead. We see no sufficient reason to distinguish the cases.

It is true, that the divorce restores the wife to all her rights and liabilities, which were suspended during coverture,—but deprives her of none, which she acquired by the marriage. And if it did, it would not affect this case, she has no interest in her settlement.

The cases cited from the Massachusetts and Connecticut reports are fully in point and decisive of this case.

Judgment affirmed.