THE TOWN OF HARTLAND *v.* THE TOWN OF WINDSOR.

*Order of removal. Separation of a wife and children from hus-
band and father. Pleadings.*

Questions respecting the validity of an order of removal are to be decided as they
were presented when the order was made. If a wife and children were removed
to a town to which they would have been liable to have been removed upon the
subsequent death of their husband and father, his death will have no effect upon
the validity of the previous order.

If a husband and father has never abandoned or deserted his wife and family, they
cannot be separated from, and removed without him from the place of his actual
residence.

Where pleadings terminate in a demurrer no notice will be taken of a fact which
does not appear from the pleadings, although it was conceded upon the hearing
in the county court, and stated in the bill of exceptions.

APPEAL FROM AN ORDER OF REMOVAL from the town of
Hartland to the town of Windsor, of David Sanderson, his wife,
Maryonette Sanderson, and his children, David Warren Sander-
son, Julia Alvira Sanderson and Henry Harrison Sanderson, which
was made on the 30th of October, 1855.

The town of Windsor pleaded that the said order of removal of
said David Sanderson, his wife, Maryonette Sanderson, and his
children, David Warren, Julia Alvira, and Henry Harrison San-
derson, was unduly made, because they said that the said town of
Windsor was not, at the time of making said order, the place of
the legal settlement of the said David Sanderson and his said
family.

The town of Hartland replied that since making the said order
of removal, to wit, on the first day of December, 1855, at said
Hartland, the said David Sanderson departed this life ; and that
as to the said Maryonette Sanderson, wife of the said David, and
the said David Warren Sanderson, Julia Alvira Sanderson, and
Henry Harrison Sanderson, children of the said David and Mary-
onette, the said order of removal was duly made, because the place
of legal settlement of the said Maryonette, David Warren, Julia
Alvira, and Henry Harrison, was, at the time of making said order
of removal, and ever since had been, and still was, in said town of
Windsor,

To this replication the town of Windsor demurred specially. The demurrer was heard by the county court at the May Term, 1856,—UNDERWOOD, J., presiding,—when the proceedings, as stated in the bill of exceptions, were as follows: " On trial it was conceded by both parties that said David Sanderson never had any legal settlement in this state. The court decided that the replication of the town of Hartland was insufficient, and rendered judgment that the said paupers were improperly ordered to be removed. To this the said town of Hartland excepted."

*Converse & Barrett*, for the town of Hartland.

*Dudley T. Chase* and *Washburn & Marsh*, for the town of Windsor.

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise upon demurrer to the replication. The case is an appeal from an order of removal of one David Sanderson and his family, consisting of his wife, Maryonette Sanderson, and his children, David W., Julia A., and Henry H. Sanderson, from the town of Hartland to the town of Windsor. The town of Windsor has pleaded that the order of removal was unduly made, as that town was not, at the time of making the order, the place of the legal settlement of David Sanderson and his family. To this plea the town of Hartland has replied that, since the order of removal was made, David Sanderson deceased; and as to the wife and children of David Sanderson it is averred that the order of removal was duly made, as they, at the time of making the order of removal and ever since, had their legal settlement in Windsor.

The facts averred in the plea, which are not traversed or denied by the replication are, on the face of the record, admitted to be true. The replication has not traversed or in any way denied the averment in the plea, that David Sanderson had not a legal settlement in Windsor at the time the order of removal was made. It is therefore admitted in the pleadings that he had no such settlement in Windsor at that time. The replication that David San-

derson, afterwards deceased, is neither a denial nor an avoidance of that averment in the plea, and can have no effect upon the legality of that previous order of removal. The demurrer to the replication, however, admits that the wife and children of David Sanderson had their legal settlement in Windsor at the time the order of removal was made. The question, therefore, arises, whether this order of removal can be sustained as to the wife and children, when the husband had no such settlement, and no order of removal could be made as to him. The question is to be decided as the case stood when the order of removal was made. The general rule on this subject is not disputed. If the husband has a legal settlement in this state, his settlement is communicated to his wife and children. The settlement before marriage is suspended during coverture, and if they become chargeable to any town in this state, they can be removed to the place of the legal settlement of the husband; *Wells* v. *Westhaven,* 5 Vt. 322; *Royalton* v. *West Fairlee,* 11 Vt. 438. The wife and children cannot be removed to the place of her maiden settlement, as a family cannot be separated in that manner. A different rule prevails where the husband has no settlement in the state, and where on his part there has been an abandonment or desertion of the wife. In the case of *Bethel* v. *Tunbridge,* 13 Vt. 445, it was held that if the *husband has no settlement in the state,* and *he abandons his wife,* and goes without the state, she may be removed to the place of settlement which she had before marriage, and her minor children, who have not obtained a settlement elsewhere, and who form a part of her family, may be removed with her, as in such case they have the settlement of the mother. In the case of *Otsego* v. *Smithfield,* 6 Cowen 760, it was held, that if a woman having a settlement in the state marries a man who has no such settlement, she retains her maiden settlement, and that she with her children may be removed to that place, if her husband fail to provide for her. In that case it would seem that an order of removal of the wife and children could be made, though there was no actual abandonment or desertion of the wife. But in this state a different rule was adopted in the case of *Northfield* v. *Roxbury,* 15 Vt. 624. In that case it was held by Justice ROYCE that "a married woman

is not liable to be removed as a pauper *from her husband, or from the place of his actual residence,* to the place of her maiden settlement, *though the husband may have no settlement in this state.*" To justify such an order of removal the husband must not only have no legal settlement in this state, but there must also be an actual abandonment and desertion of the wife by the husband. There are two difficulties arising in this case, therefore, against sustaining this order of removal. In the first place, if we were to consider the fact as existing in the case, that David Sanderson never had a legal settlement in this state, still the fact does not appear in the case that he had ever actually abandoned or deserted his wife and family. No such fact is stated in the case, or is admitted by the demurrer. But on the contrary it appears that at the time the order of removal was made David Sanderson was actually with his family in Hartland, and that he with his family became chargeable to that town. Under such circumstances no order of removal could be made separating her from her husband, or from the place of his actual residence. In the second place it does not appear from the pleadings in the case but that David Sanderson had a legal settlement in this state, to which place the order of removal should have been made. It is true, it is stated in the exceptions that it was admitted on the trial that David Sanderson had no legal settlement in this state; but it is obvious that on a demurrer to the replication, no fact can be treated as in the case which does not appear from the pleadings, and the truth of which is admitted by the demurrer. It is incumbent on the party causing an order to be made removing the wife and children to the place of her maiden settlement, to see that those facts properly appear in the case which will justify such a removal. It not appearing but that the husband had a legal settlement in this state to which the order of removal should have been made; and it appearing in fact that, at the time this order was made, the husband was living with his family at Hartland, and that there had been no abandonment or desertion of his wife, we think it is not a case in which this order of removal can be sustained as to the wife and children, whether the husband ever had a legal settlement in this state or not. When the order was made the wife could not be separated from the husband, nor removed from the place of his

. actual residence.  That was the precise point determined by Justice
ROYCE in the case of *Northfield* v. *Roxbury.*  The replication, we
think, is insufficient, and the order of removal unduly made.

Judgment affirmed.

Judgment reversed *pro forma*, with leave to amend on usual
terms.