THE TOWN OF WINHALL v. THE TOWN OF LANDGROVE.

*Pauper. Settlement. Service of Warning. Evidence. Removal.*

If a husband, having no settlement in this state, abandon his wife, she is remitted to her settlement before marriage.

An officer's return on a warning against S., and four others, as follows: "Bennington, ss. Landgrove, February 17, 1815. Then served this precept by leaving a true copy of the same in the hands of the within named S. (Signed) D. W., Constable," *held*, bad.

It is not competent to show by extrinsic evidence when a record was made.

Where a husband abandoned his wife, owning an interest, not freehold, in lands which yielded but a small part of what was necessary for her support, it was *held*, that she could become legally chargeable as a pauper, and liable to removal.

APPEAL from an order for the removal of Nancy Bates, a pauper, wife of Henry E. Bates, from the town of Winhall to the town of Landgrove. The case was referred, and heard before the referee. The defendant offered in evidence the records of the town of Landgrove, by which it appeared that, on the 11th day of February, 1815, a warning was issued by the proper authority, directing the constable to warn Daniel Swallow, Nancy his wife, Jotham, Polly, and Nancy, children of the said Daniel, to depart said town; that the return of the service of said warning was as follows:

"BENNINGTON, ss. Landgrove, February 17, 1815. Then served this precept by leaving a true copy of the same in the hands of the within named Daniel Swallow.

Fees.    1 mile travel, .06        [Signed]    DAVID WILEY,
                     Copy, .17                                    Constable ;"
                     ————
                    $0.23

and that said warning and return were, "February 17, rec'd and record'd by Daniel Tuthill, Town Clerk." The plaintiff objected to the admission of said evidence, because it did not thereby appear in what year said warning and return were received and recorded. For the purpose of showing that said record was made on the 17th of February, 1815, the defendant offered in evidence the record of a warning and return recorded next preceding the record aforesaid, issued and served on the same day as the warning first aforesaid, and "Received Feb. 1815. Recorded by Daniel Tuthill, T. Clerk"; also the record of a warning and return recorded next following the record first aforesaid, issued and served on the same day as the others, and "Received Feb'y 1815, and recorded by Daniel Tuthill, T. Clerk;" and proved that said Tuthill was town clerk of Landgrove in January, 1815, and that all of said records were in his handwriting; all which evidence was admitted. The other facts necessary to be stated, sufficiently appear in the opinion of the court.

The court, at the December term, 1871, MILLINGTON, Asst. J., presiding, accepted the report of the referee, and rendered judgment, *pro forma*, that the pauper was duly removed. Exceptions by the defendant.

*A. L. Miner*, for the defendant, cited *Londonderry* v. *Acton*, 3 Vt. 122; *Brookfield* v. *Hartland*, 6 Vt. 401; *Ludlow* v. *Weathersfield*, 18 Vt. 39.

*Waterman & Read*, for the plaintiff, cited *Royalton* v. *West Fairlee*, 11 Vt. 438; *Bethel* v. *Tunbridge*, 13 Vt. 445; 1 Tolman's Stats. (1808), 62, s. 26; Ib. 400, s. 1, 2; *Castleton* v. *Clarendon*, Brayt. 181; *Brandon* v. *Pittsford*, Ib. 183; *Reading* v. *Rockingham*, 2 Aik. 272; *Townshend* v. *Athens*, 1 Vt. 284; *Waterford* v. *Brookfield*, 2 Vt. 200; *New Haven* v. *Vergennes*, 3 Vt. 89; *Barnet* v. *Concord*, 4 Vt. 564; *Hale* v. *Turner*, 29 Vt. 350; *Pawlet* v. *Sandgate*, 17 Vt. 619; *Mount Holly* v. *Panton*, Brayt. 182.

The opinion of the court was delivered by

ROYCE, J. It is not claimed that the husband of the pauper, Henry E. Bates, ever acquired a settlement in his own right in

any town in the state, but that he had a derivative settlement from his mother, Elmira Bates; and it is clear, from the facts found by the referee, that if she ever had any settlement, it must have been derived from her father, Edward Bates. The referee has found, that it did not appear that Edward Bates had a residence in any other town in the state at the time of his removal into Landgrove, about the year 1818. He says that there was evidence tending to prove that he had lived with his family in Springfield or Rockingham for four or five years prior to his removal to Landgrove. Such a residence (if proven) might have given him a settlement in one or the other of those towns under the act of 1797. But it would seem that the evidence was not of such a character, in the judgment of the referee, as to justify him in finding the fact which it had a tendency to prove; for he says, notwithstanding this evidence : " It did not appear that he had a residence in any other town in this state when he removed to Landgrove." This finding is conclusive upon the question of Edward Bates's having had any legal settlement in any other town in the state at the time of his removal to Landgrove, and having no settlement, he could confer none upon his daughter.

The husband having no legal settlement, upon his abandonment of his wife in 1858, she was remitted to her settlement before marriage, if she had one. *Royalton* v. *West Fairlee*, 11 Vt. 438 ; *Bethel* v. *Tunbridge*, 13 Vt. 445.

The pauper had no settlement in Landgrove unless she had a derivative one from her father Daniel Swallow. It is conceded that he acquired a settlement in Landgrove by his residence in that town from 1814 till 1827, unless he was prevented by the warning out process under the act of 1801, which was put in evidence before the referee. The process was good in form, but it is claimed that the service and record were defective. It was held in *Townshend* v. *Athens*, 1 Vt. 284, and has been so held in numerous subsequent cases, that the statute in a warning out process must be strictly complied with. In *New Haven* v. *Vergennes*, 3 Vt. 89, the service was made in the same manner as in this, and was held to be bad. The objection to the sufficiency of the record was well taken. It was not competent to show when the

record was made by extrinsic evidence. So the settlement of Daniel Swallow was not interrupted by this process.

It is claimed that the pauper was not subject to removal on account of the interest which the referee has found that her husband had in some real estate in Winhall at the time he abandoned his family. The referee finds that he, at that time, owned or had an interest in about twelve acres of land and a small dwelling-house; that he was owing debts when he left, and a portion of the land was set off on execution against him. It does not appear that he had a freehold estate in the land, so she did not come within the rule laid down in *Londonderry* v. *Acton*, 3 Vt. 122, and hence the only question that can arise under this branch of the case is, could this interest which he owned in the dwelling-house and land, be made available for the support of the pauper so that she could not become legally chargeable to Winhall? The referee has found that it, in fact, yielded but a small share of what was necessary for such support, and, in the absence of any finding, or proof even, that it could have been made more productive, the fair and just inference is that, after exhausting all her available means, the town of Winhall was legally chargeable with a large proportion of her necessary support.

Judgment affirmed.