WINDSOR,
February,
1841.

### Town of BETHEL v. Town of TUNBRIDGE.

If the husband, having no settlement within the state, abandon his wife and go without the state, she having a settlement within the state before marriage, she may be removed to that settlement.

In that case the minor children, while they remain with the mother,. must be removed with her and retain her settlement.

APPEAL from an order of removal of Adeline Dustin and and several minor children.

This case was submitted to the decision of the county court on the following statement of facts, agreed upon by the parties, to wit :—

Adeline Dustin is the wife of Moses Dustin. Moses Dustin has no settlement in this state. Adeline Dustin's settlement, at the time of her marriage with Moses Dustin, was in Tunbridge. On the 20th day of June, 1839, Moses Dustin and his family resided in said Bethel and had resided there for some time previously thereto. On said 20th day of June, 1839, Moses Dustin left said Bethel and went to parts unknown. For some time previous to his leaving, he failed to provide for his family and they had been chargeable to said town of Bethel, and continued so chargeable until they were removed to said Tunbridge. Upon the above statement, the county court decided that said paupers were duly removed, to which decision the defendants excepted.

*S. C. Eaton,* for defendants, contended that Moses Dustin and his family were legally chargeable to the town of Bethel, that being the place of his residence, and the fact that he had " gone to parts unknown " did not show that he would not return. It did not remit the wife to her former settlement.

Every town is obliged to maintain their own poor, and a person having no settlement in the state must be supported (if poor) by the town where he resides.

It has been also decided that a man's residence is the place of his domicil, and, if he be a married man, the place where he keeps his family is his domicil. An occasional absence or employment at other places has been uniformly held not to suspend nor interrupt his residence at the place of his domicil, so long as that remains visible and notorious. *Bristol* v. *Rutland,* 10 Vt. R. 574, and cases there cited.

In the latter case, it was decided, under the act of 1801, that if the husband had been absent one whole year, he still would have gained a settlement in the town where his family resided. Dustin's absence from Bethel, at the time of the order of removal, was only three months and six days.

*Tracy & Converse,* for plaintiff.

1. We take it, that there can now be no question as to the legal right of Bethel to remove Mrs. Dustin. Her husband having no legal settlement in this state, and having failed to provide for her and the rest of the family, and having deserted her and gone to parts unknown, she could be removed to the place of her maiden settlement, upon becoming chargeable. This is now too well settled, both in England and in this country, to admit of a question. *Royalton* v. *West Fairlee,* 11 Vt. R. 438. 2 Botts, 94, 98, 108, (note 6) 102. *Dedham* v. *Natick,* 16 Mass. 185. 6 Cow. 760.

2. As to the right to remove the children of Mr. Dustin, we suppose this equally well settled. The children were minors, and took the settlement of the mother, when the father had none in the state. No authority on this point would seem necessary. To seperate the mother from her children, especially those of tender years, would be as unreasonable as it would be cruel and inhuman. 1 Burr. Set. Ca. 367. 16 Mass. 135. *Bradford* v. *Lunenburgh,* 5 Vt. R. 481. 6 Cowen, 433.

The opinion of the court was delivered by

REDFIELD, J.—This court is not aware, that the settlement of the wife is not affected in the same manner by the death of the husband, his utter abandonment of his family and removal beyond the limits of the state, and by a divorce *a vinculo.* In all these cases, if the husband had any settlement, within the state, the wife retains it. *Royalton* v. *West Fairlee,* 11 Vt. R. 438. If the husband had no such settlement then the wife is remitted to her settlement before the marriage, if she had one.

While the husband is alive and stands in his place, he is recognized as the head of the family. His residence and his settlement are communicated to the wife and children.

Windsor,
February,
1841.

When he ceases to be the head of the family, that office devolves upon the wife; and the minor children, while they form a portion of her family, have the same domicil and the same settlement of the mother. If the father had a settlement within the state, that remains to the children and the mother, until the mother gain another, which is then communicated to the children, unless in the meantime they have become emancipated. *Bradford* v. *Lunenburgh*, 5 Vt. R. 481. *Dedham* v. *Natick*, 16 Mass. 135. *Paulsbury* v. *Woodon*, 2 Strange, 746. So too if the mother, in consequence of the temporary or permanent dissolution of the marital relation, becomes the head of the family, and the father having no settlement within the state, she is remitted to her settlement, which she held in her own right before the marriage. The minor children must of necessity go with her.

Judgment affirmed.