## TOWN OF WILMINGTON v. TOWN OF JAMAICA.

### *Pauper. Order of Removal. Coverture. Pleadings.*

A complaint to two justices of the peace for an order of removal of a pauper need not allege where the pauper's settlement is, but this, as well as other facts found and determined by the justices, should be set forth in the order.

The defendant town having pleaded that the pauper was under coverture at the time of making the order of removal, and the plaintiffs having replied that the husband had then abandoned his wife, the pauper, and was out of the state, and in parts unknown, to which the defendants demurred generally, it was *held* that whatever was the effect of the appeal on the judgment and order of the justices, it did not vacate the facts on which the judgment was founded, but they stand as part of the pleadings in the case.

*Held*, that the replication was a sufficient answer to the plea, and a removal of the wife to the place found to be her settlement is warrantable, in case of such abandonment.

THIS is an order of removal of one Mary Emily Davidson from Wilmington to Jamaica. The copies show the judgment of the justices, as follows :

" It is considered by the court that the said Mary Emily Davidson has come to reside in the town of Wilmington, and has not gained a legal settlement therein, and that the said Mary Emily Davidson is chargeable to said town of Wilmington, when, in fact, the said Mary Emily belongs, and has her legal settlement in the town of Jamaica, and that she ought of right to be removed to said town of Jamaica, agreeably to law."

The copies then proceed in the usual form, ordering her removal, etc. The court was held September 7, 1867.

The defendants pleaded that said Mary Emily Davidson was unduly removed because, " at the time of the making of said order of removal, she was under coverture of one George Davidson, her husband, to wit, at said Wilmington."

Replication that " on the first day of April, 1867, said George abandoned and deserted said Emily, and left said Wilmington and removed without this state to parts unknown to the plaintiffs, and, at the time of said order of removal, still remained without this state, and in parts unknown, and during all said time while without this state, wholly neglected and refused to provide for said Emily, and this they are ready to verify."

Rejoinder, a general demurrer to the replication to the first plea.

The court, at the April term, 1869, BARRETT, J., presiding, adjudged that the demurrer be overruled, and that the replication is sufficient, and that said pauper was duly removed, to which the defendants excepted.

*L. M. Read,* for the defendants.

In pauper cases, the complaint of the overseer of the poor made to the justices stands in the place of the declaration. *Hardwick* v. *Pawlet,* 36 Vt., 320. Upon demurrer to the replication the case stands upon the facts alleged in the complaint, plea and replication. In this case, upon the facts set forth in the pleadings, it does not appear that the pauper had her legal settlement in the town of Jamaica, therefore the judgment that she was duly removed to that town was erroneous.

It is claimed, and the court below so held, that the order of removal made by the justices is the first step in the pleadings, and stands in the place of the declaration, but that order is the judgment of the justices, and the appeal vacates it. *Dorset* v. *Manchester,* 3 Vt., 370; *Rupert* v. *Sandgate,* 10 Vt., 278; *Dorset* v. *Rutland,* 16 Vt., 419. And it is no more a part of the pleadings than any other judgment of a justice of the peace.

*Charles N. Davenport* and *E. L. Waterman,* for the plaintiffs.

The legal settlement of the pauper was in Jamaica at the time the order of removal was made. This is admitted by the pleadings. The only question arising upon the pleadings is whether the pauper, being a married woman, but having been abandoned by her husband, could lawfully be removed.

The general policy of the law is opposed to the separation of families, by removing wives from their husbands, or children from their parents. This is well settled by numerous decisions, and is not disputed. But it is equally well settled that when the husband abandons the wife, or is divorced from her, or emancipates his child, the rule ceases, and such wife or minor child may be removed. *Royalton* v. *W. Fairlee,* 11 Vt., 438; *Bethel* v. *Tun-*

*bridge,* 13 Vt., 445; *Northfield* v. *Roxbury,* 15 Vt., 622; *Rupert* v. *Winhall,* 29 Vt., 245; *Hartland* v. *Windsor,* 29 Vt., 354; *Tunbridye* v. *Eden,* 39 Vt., 17; *Newark* v. *Sutton,* 40 Vt., 261.

The opinion of the court was delivered by

WILSON, J.  In this case it is stipulated by the parties that the issues joined upon the second and third pleas were waived in the court below, and that the only questions in controversy arise upon the demurrer to the replication to the first plea.  Upon demurrer to the replication the case stands upon the facts alleged in the complaint, order of removal, plea and replication.  We have not seen the complaint, but think it must be considered as correct. The only objection made to the complaint is, that it does not state the place of the pauper's legal settlement.  But such complaint need not allege where the pauper's settlement is.  In many cases the place of such settlement could not be known to the plaintiff town until determined by the justices, and then it should be incorporated in their record.  Two justices are authorized by statute "to examine, on oath, such stranger so before them, and any other person, touching the place of settlement and the ability of such stranger," and upon the evidence thus obtained, to find the facts upon which they determine whether an order of removal should be made or not.  The place of legal settlement of the pauper, as well as the other facts found and determined by the justices, should be set forth in the order of removal.  In this case the justices state in their order that "it is considered by the court that the said Emily Davidson has come to reside in the town of Wilmington, and has not gained a legal settlement therein, and that the said Emily Davidson is chargeable to said town of Wilmington, when, in fact, the said Emily belongs and has her legal settlement in the town of Jamaica, and that she ought of right to be removed to said town of Jamaica, agreeably to law."

The order states the judgment of the justices; it also states the facts on which the judgment is founded, and they are sufficient *prima facie* to justify the removal of the pauper.  The plea alleges that, "at the time of the making of said order of removal, the said Emily Davidson was under coverture of one George David-

son, her husband, to wit, at said Wilmington." We think the plea was good until answered by the replication, for it has been frequently decided in this state that when the husband and wife live together in the same town, an order can not be made to remove her without removing him.

But the replication sets forth facts which destroy the effect of the plea. It admits the coverture, but alleges that the said George Davidson abandoned and deserted his wife and left said Wilmington and removed without this state to parts unknown to the plaintiffs, and that said George at the time of the making of said order of removal still remained without this state, neglecting and refusing to provide for her support. We think the replication is fully sustained by the authorities cited by the plaintiffs' counsel. It is said by the defendants' counsel that upon the facts set forth in the pleadings it does not appear that the pauper had her settlement in Jamaica. This position is based upon the supposition that the appeal vacated the judgment and order of the justices. Whether such was the effect of the appeal we have no occasion to decide. It is, however, quite clear that the appeal did not vacate the facts on which the judgment of the justices is founded, but those facts, as set forth in the order, stand as part of the pleadings in the case. Section 1 of chapter 19 of the General Statutes provides that " a married woman shall always have the settlement of her husband if he have any within this state; otherwise her own at the time of marriage, if she had any, shall not be lost or suspended by the marriage." It would seem from the language of the statute above quoted that the wife is remitted to her former settlement only in cases where the husband has no legal settlement within this state. The justices have found and stated in the order of removal that the " said Emily Davidson belongs and has her legal settlement in Jamaica." This fact is a part of the pleadings and is admitted by the demurrer. The plea does not deny that the husband had a legal settlement in the town of Jamaica at the time the order was made. It is therefore wholly immaterial in this case whether Jamaica was the place of her legal settlement at the time of marriage, or the place of her settlement derived from the legal settlement there of her husband.

The judgment of the county court is affirmed.