## Cascade Overseers *v.* Lewis Overseers, Appellants.

*Poor laws—Removal of pauper—Separation of husband and wife—Act of June 13, 1836.*

An order was made, under the act of June 13, 1836, for the removal of a female pauper who was living with her husband at the time.   There was nothing to show that either the husband or wife objected to the order on the ground that it enforced a separation, or that the husband did not in fact accompany his wife.   There was nothing in the order to prevent his doing so.

*Held,* on appeal by the overseers of the poor that the proceeding should be affirmed.

*Settlement of paupers—Lease for a year.*

Where the husband of a pauper leases and pays rent for a house at a rental of $10 per annum, and occupies it from April 2, 1890, to April 1, 1891, there is a lease or occupancy for an entire year, sufficient to give a settlement to the lessee under the act of June 13, 1836.

*Computation of time—Act of June 20, 1883.*

It seems that the act of June 20, 1883, P. L. 136, was intended to cover cases where an act is ordered or directed to be done or performed by any law or rule of court during or within a prescribed period. Where rights are acquired by virtue of an act performed and the continuance of a certain state of facts for a prescribed period, the act does not apply, and the computation of time must be made most favorable to the parties whose rights are affected thereby: per METZGER, P. J.

Argued March 16, 1892. Appeal, No. 328, Jan. T., 1892, by defendants, from decree of Q. S. Lycoming Co., Dec. Sess., 1891, No. 24, affirming order of removal. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Appeal from order of removal of pauper.

The facts appear by the opinion of the court below, METZGER, P. J., which was, in part, as follows :

" Sarah Johnson, the pauper, is the wife of Charles Johnson, and her settlement therefore is the district where he was last legally settled. The evidence clearly establishes the fact that Charles Johnson had bona fide taken a lease of real estate in Lewis township of the yearly value of ten dollars, and that he paid said rent, and that he and his wife, the pauper, dwelled on the premises so leased from the forenoon of April 2, 1890, until the forenoon of April 1, 1891.

" The question arises whether, under this state of facts, Charles Johnson, the husband, dwelled upon the premises so leased for one whole year within the meaning of the act of 1836. ' Leases beginning on the first day of April expire on the 31st day of March following—the old tenant giving up and the new tenant coming in on the 1st day of April without a gap in the possession.' Duffy v. Ogden, 64 Pa. 240.

" In the case of Queen v. Inhabitants of St. Mary, Warwick, 1 E. & B. 815, it was held that when one entered at noon on the 30th day of September, 1850, and quitted at 4 in the afternoon of September 29, 1851, it was an occupancy for the term of one whole year within the statute : 1 W. 4, C. 18, S. 1. The law takes no account of the fractions of a day. Hence both days are considered as whole days, although as a matter of fact the actual occupancy was only for the fraction of a day.

" But it is contended that since the act of 1883 in the computation of time the first day must be excluded. This act does

not apply to the case before us.    The act evidently was intended to cover all cases where an act is ordered and directed to be done or performed by any law or rule of court during or within a prescribed period.    Where, as in the case at hand, certain rights are acquired by virtue of an act performed and the continuance of a certain state of facts for a prescribed period, the computation of time must be made most favorable to the party whose rights are affected thereby.

" The dwelling on the premises must be for one whole year. Where, as in this case it is an actual fact that he occupied the premises continuously on every day which composed the year, it is clear that he has complied with the requirements of the statute.    We therefore find the place of the last legal settlement of Charles Johnson to be in Lewis township, and that this is the settlement of Sarah Johnson, the pauper."

Defendant submitted the following points :

" 1. That the order of removal in this case is in violation of the statute forbidding the separation of wife from her husband by virtue of an order of removal.    Refused. [1]

" 2. That Charles Johnson and Sarah Johnson, his wife, did not dwell upon real estate in Lewis township for one whole year.    Refused." [2]

The order of removal was affirmed, and the overseers of Lewis township appealed.

*Errors assigned* were (1, 2) failure to affirm defendant's points, quoting the points.

*J. F. Strieby,* for appellants.

*Frank P. Cummings,* for appellees.

PER CURIAM, March 28, 1892 :

It is to be regretted that the legislature does not provide a uniform system for the care of the poor, and require each county in the state to erect a house for their accommodation. Under our present system, many of the counties are divided into as many poor districts as there are townships.    This results in constant litigation between these small poor districts in regard to the settlement of paupers.    Much of this litigation is unseemly, of a trifling character, and not creditable to the poor districts concerned.    It is not too much to say that some districts, at least, spend almost as much money in litiga-

tion as they do in support of the unfortunate poor. This would cease, to a great extent, if each county were charged with the support of its own poor.

In the case in hand the appellant alleges that the order of removal is in violation of the statute forbidding the separation of the wife from her husband. See first specification. It is sufficient to say, in answer to this objection, that the order of removal did not separate the husband from the wife. It is true they were living together at the time the order was made, and the order provided only for the removal of the wife. There is nothing to show that either the husband or wife objected to the order, on this ground, or that the husband did not, in point of fact, accompany his wife. There was certainly nothing in the order to prevent his doing so.

The second specification alleges that Charles Johnson and Sarah Johnson, his wife, the pauper, did not dwell upon real estate in Lewis township for one whole year. This was the appellant's second point, and was refused by the court below. As the point was put, it was insensible, and might well have been refused for this reason alone. The court below found that Charles Johnson had bona fide taken a lease of real estate in Lewis township of the yearly rent of ten dollars; that he had paid said rent, and that he and his wife, the pauper, lived on the premises so leased from the forenoon of April 2, 1890, until the forenoon of April 1, 1891. Under this state of facts the court below held that this was a compliance with the act. of assembly, and gave Charles Johnson a settlement in Lewis township. In other words, that Johnson had lived on the demised premises for one entire year under the lease. In this we think he was right. The law does not regard the fractions of a day. Leases beginning on the 1st of April expire on the 31st of March, following: Duffy v. Ogden, 64 Pa. 240.

Judgment affirmed.