# CITY OF WILLMAR v. VILLAGE OF SPICER.[1]

May 21, 1915.

Nos. 19,274—(171).

**Settlement of woman pauper.**

1. In the absence of statutory provision to the contrary a woman who marries while she is a pauper changes her own legal settlement and takes that of her husband.

**Same — statute.**

2. The statute in this state (G. S. 1913, § 3071), does not change this rule, and the trial court erred in holding that the legal settlement of the pauper in this case was in defendant village.

Action in the district court for Kandiyohi county to recover $215.-89 for supplies furnished a pauper and her minor children. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed with directions.

*Oscar C. Ronken,* for appellant.
*R. W. Stanford,* for respondent.

BUNN, J.

In this action the plaintiff city seeks to recover of the defendant village the sum of $215.89 for food, clothing, care and medical attendance furnished Bertha Stromberg and her six minor children from January 1, 1913, to December 20, 1913, on the ground that they were paupers having a legal settlement in defendant village. The trial court found the facts substantially as hereinafter stated, and as a conclusion of law determined that the paupers were residents of and had their legal settlement in the defendant village at the time plaintiff furnished them the relief. Judgment was entered against the defendant on this decision and defendant appeals.

[1] Reported in 152 N. W. 767.

The question here is whether the findings justify the conclusion of law of the trial court that Mrs. Stromberg and her children had their legal settlement in the defendant village in the year 1913. The facts are as follows:

From 1907 to January 1, 1913, Kandiyohi county had the county system of caring for its poor. Since then it has had the town system. From 1902 to November, 1907, Bertha Benson, her husband and their minor children resided in the town of Green Lake, Kandiyohi county. On November 1, 1907, they moved to defendant village where they resided until late in November, 1908. Until August, 1908, the Bensons were self supporting, but during August and September of that year they received aid from the poor fund of the county. During the last days of November, 1908, they moved to the town of New London, where they lived until March 1, 1909, when they took up their residence in the city of Willmar. While in New London the family received aid from the county. In June, 1909, Benson died and his widow and her children continued to reside in Willmar, and during the rest of the year 1909 and all of the years 1910, 1911 and 1912, received aid as paupers from the county. In September, 1912, Peter Stromberg, who for two years had resided in various places in the county, and for eight months immediately prior to such date in the town of Whitefield, took up his residence in Willmar. On November 3, he and Bertha Benson were married. Stromberg was able to support himself, but unequal to the task of supporting his wife and her children, though contributing somewhat towards their support. In 1913, after the town system of caring for the poor was adopted, Mrs. Stromberg applied to the plaintiff for aid. She and her children were warned to leave the city but refused to do so. The city had them conveyed to the defendant village, but defendant declined to be liable for their support, and turned them back on plaintiff, which city then furnished the aid for which it seeks to recover from the defendant village in this action. The proposition that Mrs. Stromberg had her legal settlement in the defendant village in the year 1913 rests upon the fact that she and her then husband and children lived in defendant village when they were last self supporting, from November, 1907, to August, 1908. It is claimed that under the

statute this fact makes the village the legal settlement of the paupers. Defendant makes an argument against this construction of the statute, but its chief contention is that, after Mrs. Benson married Stromberg in 1912, her legal settlement and that of her children was where Stromberg lived, and that was not in the defendant village.

The statute that must be construed to determine the question involved is G. S. 1913, § 3071. It reads as follows: "Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town system, his settlement shall be in the town, city or village therein in which he has longest resided within such year. The time during which a person has been an inmate in a hospital, poor house, jail, prison, or other public institution, and each month during which he has received relief from the poor fund of any county or municipality shall be excluded in determining the time of residence hereunder. Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he last resided."

As Mrs. Benson, before she married Stromberg, had received relief from Kandiyohi county each month after she ceased to reside in Spicer, all the time since must be excluded in determining her residence under the statute. As during the year immediately prior to her first receiving such relief she lived longest in Spicer, it is probable that she had her legal settlement in that village, unless this settlement was changed upon her marriage to Stromberg. In view of the conclusion which we reach on the last point, it is unnecessary to definitely determine what would be the result if Mrs. Benson had not acquired a new husband, and, as we think, therewith a new settlement.

There can be no doubt, and it is conceded, that at common law the settlement of a married woman is that of her husband, and when a

woman marries a man who is settled in another county, parish or town, she changes her own settlement and takes that of her husband. As stated by Blackstone: "A settlement in a parish may be acquired * * *; (3) by marriage. For a woman marrying a man that is settled in another parish changes her own settlement: the law not permitting the separation of husband and wife." 1 Blackstone, 363. This rule has been adopted uniformly in this country, and is applied to cases where the woman is a pauper at the time of her marriage. Unless it is changed by the statute hereinbefore set out, it is the rule in this state, and it is so conceded.

The contention of plaintiff is that this well understood common law rule was changed by the enactment of the above statute in 1905 by the adoption of the Revised Laws of that year.

This statute does not in words say that a married woman shall be deemed to have her settlement where her husband resides, but says that "every person, except those hereinafter mentioned" shall be deemed to have a settlement, etc. Those "hereinafter mentioned" are minors, who have the settlement of the parent they last resided with. The question, therefore, is whether the legislature intended to change the common law rule. It might seem that they did so intend, in spite of the anomaly and probably viciousness of thus sanctioning different settlements for husband and wife, except for the light thrown on the question by the report of the revision commission, which is to the effect that they eliminated from the law as it stood before the revision, the provision that a married woman shall have the legal settlement of her husband because such provision was "superfluous." This indicates clearly enough the intention of the revisers and the legislature. They were attempting to simplify the statute by eliminating a superfluous provision, not to change what had always before been the common law and the express statute law for 30 years. The inquiry as to why the exception as to minors was left unchanged is well answered by defendant's counsel in his point that at common law the settlement of a minor was not with the parent with whom he had last resided, but with his father. Therefore this provision was not "superfluous."

We hold that the law still is that the settlement of a married

woman is where her husband resides, has his settlement. And this is so where a woman who is a pauper marries. Thereafter she has the settlement of her husband. In this case when Mrs. Benson married Stromberg in 1912, her settlement was where Stromberg had his. Whether this was in Willmar or in Whitefield we do not need to decide. It was admittedly not in Spicer. Judging from the memorandum of the learned trial court this question was not considered by it.

Judgment reversed with directions to amend the conclusions of law and to order judgment for defendant.