IN RE SETTLEMENT OF CAROLINE GOLDEN AND OTHERS. VILLAGE OF BOWLUS, APPELLANT.[1]

January 2, 1931.

No. 28,204.

*Frederick J. Miller,* for appellant.
*F. W. Allin,* for county of Aitkin, respondent.

HOLT, J.

The village of Bowlus appeals from a decree adjudging it to be the settlement of Mrs. Roy (Caroline) Golden and minor children, paupers, rendered in a proceeding instituted by the county of Aitkin under 1 Mason, 1927, §§ 3161-1 to 3161-5.

The facts disclosed by the record are: In May, 1919, Roy Golden moved to the village of Bowlus, Morrison county, this state, with his family consisting of wife and two children. His work was that

[1]Reported in 234 N. W. 7.

of a section foreman for a railway company. He and his family lived there continuously from then on until in December, 1928, when the wife and children were compelled to seek some assistance from relatives living in Aitkin county. Mr. Golden appears to have had no difficulty in supporting his family so long as he held his position with the railway company. But in August, 1928, the company discharged him. He then went to Dakota to seek work during harvest. He came back in the fall and went to Minneapolis for employment, but evidently without success. He returned to Bowlus, but shortly after the birth of the seventh child on November 11, 1928, left for Minneapolis and St. Paul to find work. He never again communicated with the family, except the wife received a letter about January 3, 1929, informing her that he had been unable to secure employment. On December 23, 1928, at Bowlus, a child was accidentally killed, and, Mrs. Golden being destitute, her mother and brother came and took her and the children to their home on a farm in Aitkin county. The relatives were not able wholly to care for Mrs. Golden and children but obtained aid from Aitkin county during the early winter of 1929 and at intervals from then on. Mrs. Golden has sought information regarding the whereabouts of her husband without success.

Appellant's first assignment of error is the denial of its motion to dismiss when respondent rested. It is now suggested that the court had not acquired jurisdiction for lack of proof that the "town system" for caring for the poor had been adopted in Morrison county, and there should have been a dismissal; and for the same reason it is urged that since there is no finding that the county of Morrison has adopted the "town system" for supporting its poor the judgment decreeing a settlement in the village of Bowlus of these paupers cannot stand. It is unfortunate that an omission of this sort should have crept into the record. But it does not seem to us to be jurisdictional. Whether it be a county, or a town or village in a county, that is cited as an adversary in a dispute as to a pauper's settlement, the court has jurisdiction over the matter. It is a summary proceeding without pleadings. A village may be a pauper's settlement, or it may be the county wherein is the village,

depending upon whether such county has or has not· adopted the "town system" for caring for its poor. It would seem orderly procedure when either a village or a county is cited in by another political subdivision, which has been forced to furnish temporary relief to a poor person to determine the settlement of such person, for the party thus cited in to make known a defense, such for instance as that it is not the proper party or that it is relieved because of the action or nonaction of its county board. A defense of that sort is readily known and available to the party cited.

In this case when appellant made the motion to dismiss at the conclusion of respondent's showing, no ground whatever was stated for dismissal, and counsel declined to argue the motion when invited by the court to do so. Nor was any motion made either for dismissal or judgment after all the testimony was in, including that of appellant's mayor, who testified with respect to the Goldens and their situation. It appears to us that appellant is now presenting a defense in this court that was not even intimated to the trial court. Of course the matter of jurisdiction may be raised at any time, but that this is not a jurisdictional proposition is demonstrable if it be assumed that the county of Morrison had adopted the "town system," in which case certainly the court would have jurisdiction both of the parties and the subject matter. At most it could be a question of whether the proper or right political subdivision was cited. The facts found do not show the judgment to have fixed the settlement of these persons in an improper place.

The other proposition advanced for the reversal of the judgment is that during coverture no proceedings can be instituted to determine the settlement of a married woman and minor children. For this proposition City of Willmar v. Village of Spicer, 129 Minn. 395, 398, 152 N. W. 767, 768, is cited, wherein it is said "that the settlement of a married woman is where her husband resides, has his settlement." The difficulty which confronts appellant is that the proof here shows very clearly that the place of Roy Golden's pauper settlement was at Bowlus, and also that he was a pauper within the purview of the poor laws. The village of Bowlus had been the

home of himself and family for nine years and was such when Aitkin county was compelled to furnish aid to the wife and children who were temporarily in that county because of Roy Golden's inability to provide support for them at Bowlus. There was no attempt to show that Roy Golden had formed any intention of taking up his residence elsewhere. And even were it assumed that he has absconded, it is not shown that he has fixed upon any other place as his abode, and it must still be concluded that his legal domicile remained at Bowlus. Appellant made no attempt to prove that Roy Golden had acquired either a pauper settlement or a domicile elsewhere. The fact also that he left wife and children destitute, that he had no means and was unable to obtain work, proves that he was a pauper. It appears that when it became necessary for him to seek work away from his home he lacked the fare to go, and his wife borrowed money from her friends to provide transportation. The proceeding to determine the place of settlement of poor persons under our statute above referred to is very informal. The county or village which has furnished aid to the paupers deemed to have a settlement in some other county or village need only designate those furnished the aid. Appellant cites many cases to the proposition that a married woman cannot acquire a poor settlement different from that of her husband; and also cases holding that one municipality may not recover of another for aid furnished a wife or minor child if the husband and father was not a pauper. Such are: Burlington v. Swanville, 64 Me. 78; Litchfield v. Londonderry, 39 N. H. 247; City of Syracuse v. Onondaga County, 25 Misc. 371, 55 N. Y. S. 34; Trustees of Spencer Twp. v. Trustees of Pleasant Twp. 17 Ohio St. 31; Town of Cabot v. Town of St. Johnsbury, 94 Vt. 311, 111 A. 454. In the last named case the very many previous cases in Vermont are cited and commented on. We do not think any afford much aid in disposing of the matter before us in the manner it is presented. This is not an action to recover for the aid the county of Aitkin has furnished; it is merely to fix the place of settlement of the poor persons who have received the aid.

The judgment is affirmed.