## IN RE SETTLEMENT OF MYRTLE LUELLA BAALSON.
## CITY OF MINNEAPOLIS v. VILLAGE OF NERSTRAND.[1]

October 10, 1941.

No. 33,099.

*Allan E. Finseth* and *Thomas H. Quinn,* for appellant.

*R. S. Wiggin,* City Attorney, and *Carsten L. Jacobson,* Assistant City Attorney, for respondent.

HOLT, JUSTICE.

Appeal from a judgment determining the settlement of a wife and minor child for poor relief purposes.

The controlling facts were stipulated. The conclusions of law are attacked by the assignments of error. The facts are these: The respondent city as well as the appellant village are under the town system as to poor relief. Prior to 1928, Mrs. Myrtle Luella Baalson lived with her husband, Elvin Baalson, at Duluth, Minnesota. During that year she without cause willfully deserted him and

[1]Reported in 300 N. W. 204.

never returned. She has not been divorced from him. Since 1932 her husband has continuously resided in Rice county, Minnesota, and since 1936 he has had a settlement for poor relief in appellant village located within Rice county. On December 26, 1935, Mrs. Baalson gave birth to Richard, who has since lived with her. Richard is not the son of Mr. Baalson. In 1936, Mrs. Baalson entered a bigamous marriage with one James Valles, with whom she lived until he, in October 1939 was admitted as a patient in the Glen Lake tuberculosis sanatorium of Hennepin county. Mrs. Baalson has lived in the respondent city most of the time since she deserted her husband and during a great portion of that time has received poor relief.

As between the different municipalities and political subdivisions of the state, the settlement of persons for poor relief purposes is controlled entirely by statute. In 1915, City of Willmar v. Village of Spicer, 129 Minn. 395, 152 N. W. 767, was decided, holding that under Mason St. 1927, § 3161, the settlement for poor relief of the wife is the same as that of her husband. In In re Settlement of Golden, 182 Minn. 221, 234 N. W. 7, the same rule was approved and applied. By L. 1939, c. 398, § 1, Mason St. 1940 Supp. § 3161, this exception was added to § 3161: "provided, further, that a married woman, abandoned or deserted by her husband for a period of one year continuously, shall thereafter have the same right to acquire a new settlement as a single person." This proviso or exception is plainly not applicable to the facts here found. We think the reasons for the decision in the City of Willmar v. Village of Spicer, 129 Minn. 395, 152 N. W. 767, are so adequately stated that nothing further need be added. These cases from other jurisdictions sustain the two cases above cited from this court: Inhabitants of Greene v. Inhabitants of Windham, 13 Me. 225; In re City of Syracuse v. County of Onondaga, 25 Misc. 371, 55 N. Y. S. 634; Town of Mount Holly v. Town of Peru, 72 Vt. 68, 47 A. 103. In the case from New York the subject is very fully considered and discussed. In controversies between political subdivisions as to which must furnish poor relief to a married woman,

the law places the burden upon the subdivision in which her husband has a settlement for poor relief purposes, unless the applicable statute otherwise prescribes.

With respect to the child, Mason St. 1927, § 3161, states: "Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has resided." L. 1939, c. 398, did not change the quoted part of § 3161 so as to effect any change in the law; hence Richard's settlement is the same as that of his mother, with whom he has continually lived.

Appellant contends that the equities should be considered. This is a controversy between two political subdivisions of the state as to which one must furnish poor relief to Mrs. Baalson and her minor child. As between respondent and appellant, there are no equities. Neither the city nor the village is to be blamed for the condition in which these applicants for poor relief now are. The morality or the lack thereof of Mrs. Baalson or her husband cannot affect the rights as between the city and the village. The only occasion upon which the statute permits the conduct of the husband and wife toward each other to affect the settlement of the wife for poor relief is when the husband abandons or deserts the wife. The case of Prater v. Prater, 87 Tenn. 78, 9 S. W. 361, 10 A. S. R. 623, cited by appellant on the oral argument, is not in point. There the wife, who had without cause deserted her husband and eloped with another man and taken up a permanent residence with him in another state, was held not entitled to claim a homestead right in her husband's estate. The real ground of decision was that the wife had acquired a domicile in the state of her actual residence, independent of her husband's domicile, and the homestead right cannot be claimed by a nonresident.

The judgment is affirmed.