[1] Reported in 10 N.W.2d 365.
The township of Whitefield, a political subdivision of Kandiyohi county, appeals from a judgment of the district court of Hennepin county determining that said township is the place of the poor relief settlement of one Agnes Rutland and her two minor children, adjudging said township legally responsible for their support, and ordering their removal from the city of Minneapolis to said township.
Appellant contends that respondent, the city of Minneapolis, is responsible for their support under the facts and circumstances herein stated. Both municipalities have the town system of poor relief.
Agnes Rutland, under her maiden name of Agnes Olson, resided in Minnesota between July 1934 and the date of her marriage to Phillip Rutland on May 7, 1936, and gained a poor relief settlement in the township of Whitefield, Kandiyohi county, pursuant to Mason St. 1927, § 3161. Phillip Rutland was unsettled at the time of their marriage and has not established a poor relief settlement in this state at any time subsequent thereto. There are two minor children, the issue of this marriage, Kenneth, born April 26, 1938, and a second child, born in September or October 1941. Both reside with their mother. Immediately following their marriage, the parties resided in Highland Park, a suburb of Chicago, Illinois, from May 11, 1936, to January 6, 1937, when they returned to Minneapolis and, upon their joint application, received relief from the city of Minneapolis, in the first instance on January 29, 1937. From this date on Agnes Rutland and her children have resided in *Page 363 
Minneapolis, except for six months' residence in Sherburne county in 1937 and six months in Roseau county in 1940. After January 1937 the domestic life of the parties was very unstable, and they have been the recipients of continuous relief from the city of Minneapolis substantially all of the time from January 29, 1937, to the bringing of this action. Prior to February 28, 1940, they lived together intermittently in Minneapolis. From that date, when the husband seems to have abandoned his wife and family, he remained apart from them, with the exception of December 1940. From February 12, 1941, to April 11, 1941, he was an inmate of the Hennepin county jail, and from April 11, 1941, to April 30, 1942, when this action was commenced, he has been an inmate of the federal reformatory at Sandstone. Although separated most of this time, the Rutlands have never been divorced.
Appellant's numerous assignments of error present two issues for consideration on this appeal, viz.:
(1) That the court erred in determining the poor relief settlement of Agnes Rutland to be in the township of Whitefield.
(2) That it was error for the trial court to order her removal and that of her children to the township of Whitefield, because it involved a separation of the family and was against public policy.
1. Appellant concedes that the settlement of Agnes Rutland at the time of her marriage on May 7, 1936, was the township of Whitefield, and further, that at the time of marriage Phillip Rutland had not established a poor relief settlement in this state, nor has he acquired one since that date. Despite this, appellant urges that upon her marriage the maiden relief settlement of Agnes was lost or at least suspended during coverture.
It is well settled here and elsewhere that the situs of the husband's settlement becomes that of his wife for poor relief purposes and that she takes from him by derivation. City of Willmar v. Village of Spicer, 129 Minn. 395, 152 N.W. 767; 48 C. J., Paupers, pp. 480, 481, § 111, and pp. 487, 488, § 127, and cases there cited. If, however, at the time of marriage the husband is unsettled and *Page 364 
the wife is settled, the wife retains her maiden settlement until such time as the husband acquires a settlement which can devolve upon her by derivation. Town of Windham v. Town of Lebanon, 51 Conn. 319; Inhabitants of Winslow v. Inhabitants of Pittsfield, 95 Me. 53, 49 A. 46; Treasurer Rec'r Gen. v. City of Boston, 229 Mass. 83, 118 N.E. 284; 48 C. J., Paupers, p. 488, § 127, and cases there cited. Substantially this same rule was embodied in the statutory law of this state by L. 1864, c. 16, § 2. R. L. 1905, § 1488, however, omitted the provision, and it has not since been reënacted. This omission, under the particular circumstances here, indicates an intention to follow the common-law rule, and the reasons therefor were clearly explained in City of Willmar v. Village of Spicer,supra. Appellant relies upon the Spicer case, but there the husband had a settlement. Therefore, it does not sustain appellant's position here, where the husband was at all times unsettled. We follow the universally accepted rule that where the husband has no settlement at marriage his wife retains her maiden settlement until such time as he acquires a settlement that she may take by derivation.
Minn. St. 1941, § 261.07 (Mason St. 1940 Supp. § 3161), expressly provides the conditions under which a settlement may be lost or terminated, viz., (1) by acquiring a new one in another state; (2) by voluntary and uninterrupted absence from this state for a period of one year with intent to abandon residence in this state. Under the facts here, Agnes Rutland did not gain a new legal settlement in another state, and her only absence from the state during the time here relevant was the brief period she resided in Highland Park, Illinois, which was short of the year which could have caused her loss of settlement under the second statutory provision. The trial court correctly found that Whitefield township was the place of Agnes Rutland's maiden settlement, which was neither lost nor suspended by reason of her marriage, nor was it terminated by virtue of the statutory provisions herein enumerated.
2. The order of the trial court removing Agnes Rutland and her children to Whitefield township is assailed on the ground that *Page 365 
it tends directly to sever family ties and is against public policy. We concur wholeheartedly in the sound and well established rule that ordinarily families should not be separated, and that the home, which represents the very foundation of our social existence, should be protected and preserved by the courts. The opposition of the courts to the separation of families by removing wives from husbands or children from their parents is a universally accepted doctrine. Cascade Overseers v. Lewis Overseers, 148 Pa. 333, 23 A. 1003; Town of Peacham v. Town of Waterford, 46 Vt. 154; 48 C. J., Paupers, p. 495, § 145, and cases there cited. While the courts have been ever mindful of the moral necessity of maintaining domestic solidarity and have fully recognized the importance thereof, yet, where it appears that the husband has failed in his marital obligations and has not provided a proper home, they (the courts) have not hesitated to direct removal of the wife and children in cases where the facts and circumstances so justified. Thus it has been held that where a husband has abandoned or deserted his wife no moral or legal obstacle prevents the removal of the wife to the place of her maiden settlement. 48 C. J., Paupers, p. 496, § 145; Town of Bethel v. Town of Tunbridge, 13 Vt. 445; Town of Wilmington v. Town of Jamaica, 42 Vt. 694.
In the instant case it clearly appears that Phillip Rutland abandoned his family intermittently from June 1939 to November 6, 1939, and lived in another state; that from February 28, 1940, until April 11, 1941, with the exception of one month, he remained apart from his family, although actually living in Minneapolis, where his family also resided. On April 11, 1941, he was committed to a federal reformatory. During this time the husband showed no inclination to discharge his family obligations, and there is nothing in the record to indicate that he was remotely concerned about the welfare of his wife and children. This is not a case where a husband was separated from his wife while looking for employment or because of some other laudable purpose, but rather a simple manifestation of his intentional and continued failure to perform those duties expected of the normal husband and father. It cannot be *Page 366 
argued, therefore, under the facts here, that the court, by ordering the removal of Agnes Rutland and her children to Whitefield township, violated the sanctity of their home. That which does not exist cannot be destroyed. In Town of Rupert v. Town of Winhall, 29 Vt. 245, 247, the court in a well reasoned opinion said:
"So long as the husband and wife cohabit and maintain the family relations, it has here been considered that the family could not be broken up and the wife and children removed from the father and husband. * * *
"But where the husband abandons the wife and family, or the control of the family on his part ceases, it has never been doubted, I think, that the wife or the children, either or both, may be removed to her settlement. And I am not aware that it has ever been questioned that the children will take the settlement of the mother in such case."
Thus we cannot perceive that it is against public policy under the facts in this case to remove the mother and her two children, who have been residing with her, to the place of her maiden settlement, since whatever home life they have had has been made in spite of the husband and father and brought about entirely by the efforts of the mother.
That our legislature has evinced an attitude consistent with the views herein expressed is indicated by § 261.07, supra, wherein it is provided "that a married woman abandoned or deserted by her husband for a period of one year continuously shall thereafter have the same right to acquire a new settlement as a single person." The facts in this case are not such as to bring it within the purview of the foregoing section of the statute insofar as the acquisition of a new settlement is concerned. It is clear from the stipulation of facts in the record that Phillip Rutland deserted his family on February 28, 1940, but that the parties again lived together as husband and wife in December 1940. Thus there is lacking the necessary one continuous year of abandonment or desertion. While this provision of the statute obviously relates to those situations where a *Page 367 
married woman has not established a maiden settlement elsewhere, nevertheless there is the inferential thought that, notwithstanding the sanctity of the home and the advisability of keeping the family together, conditions may arise which would give a wife a settlement independent of her husband.
Appellant cites and relies upon In re Settlement of Golden,182 Minn. 221, 234 N.W. 7, as authority for the proposition that the removal order of the trial court was in error. In this case, as in the Spicer case, 129 Minn. 395, 152 N.W. 767,supra, the husband had a settlement which devolved upon the wife and minor children, and it is therefore distinguishable on the facts and the law applicable thereto.
3. Appellant seems to be in doubt as to the status of the two minor children of the parties. Section 261.07, supra, in part provides:
"Every minor not emancipated and settled in his own right and not under guardianship of the director of social welfare or one of the state institutions as a feeble-minded, delinquent, or dependent person shall have the same settlement as the parent with whom he has resided."
It is conceded here that the children resided with the mother. Under this rule, it is clear that they must take the settlement of their mother in Whitefield township, since their father has not acquired a settlement to which they would be entitled. See also Town of Rupert v. Town of Winhall, 29 Vt. 245,supra. In Town of Bethel v. Town of Tunbridge, 13 Vt. 445, 447, the court, in deciding this precise issue, said:
"* * * so too if the mother, in consequence of the temporary or permanent dissolution of the marital relation, becomes the head of the family, and the father having no settlement within the state, she is remitted to her settlement, which she held in her own right before the marriage. The minor children must of necessity go with her."
We conclude, therefore, that the trial court was correct in holding *Page 368 
that the settlement of Agnes Rutland was in appellant township and in ordering that she and her children be removed thereto.
Affirmed.