## Commonwealth v. Gerace

*James J. Kutz,* Assistant Attorney General, and *Robert Kane,* Attorney General, for the Commonwealth.

*William M. Gross,* for appellant.

DOWLING, *J.,* January 8, 1976—How long is a year? The answer determines whether defendant's appeal is dismissed or sustained.

The Department of Transportation has suspended Mr. Gerace's operator's license for a period of 60 days pursuant to section 619.1(i) and (k) of The Vehicle Code,[1] on the grounds that he has accumulated 11 points under The Vehicle Code's point system. The points which were imposed are based on two speeding charges brought under section 1002(b)(6) of The Vehicle Code, 75 P.S. §1003(b)(6). In each case, appellant promptly pleaded guilty by paying a $10 fine and costs of $5. The first offense occurred April 28, 1974, and the receipt of appellant's fine and costs and the entry of conviction took place on April 30, 1974. In the second proceeding, the offense took place on April 27, 1975, and the receipt of the fine and costs and the entry of conviction occurred on April 29, 1975. The result of the first offense was that the De-

---

1. Act of April 29, 1959, P. L. 58, 75 P.S. §619.1(i)(k).

partment imposed six points upon appellant: 75 P.S. §619.1(b). One point was then deducted for attendance at driver improvement school: 75 P.S. §619.1(f). Upon the conviction of the second offense, an additional six points were then imposed: 75 P.S. §619.1(b).

Section 619.1(j) of The Vehicle Code provides:

". . . points recorded against any person shall be removed from the date of last conviction at the rate of two (2) for each year in which such person is not convicted of any violation of the laws of this Commonwealth relating to vehicles or tractors."

It is appellant's position that the time lapse between the two convictions is such that he qualifies for a discount of two points; hence no suspension.

The payment of fine and costs constitutes an admission of conviction: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). Thus, defendant became "convicted" on April 30, 1974, when the fine and costs were received, and again on April 29, 1975, when payment was made. There were no intervening convictions and the problem, therefore, is the meaning of the phrase ". . . for each year for which such person is not convicted of any violation," that is, what precise length of time is referred to.

You might think that there would be a general consensus of what constitutes a year. Yet, upon examination, like so many things that appear simple, the matter has its complexities. One can sympathize with Henry VI when he exclaimed on the battlefield of Towton, "How many days will finish up the year."[2] Essentially, of course, a year is the period of time occupied by the revolution of the

---

2. Henry VI, pt. III, Act II, Sc. 5.

earth around the sun. The astronomical year is the time taken by the sun in returning to the same equinox, in mean length, 365 days, 5 hours, 48 minutes and 46 seconds. While the astral or sidereal year is the time in which the sun returns from a given star to the same star again: 365 days, 6 hours, 9 minutes, and 9.6 seconds. More to the point, Black's Law Dictionary states that the civil year consists sometimes of 365 days, and at other times, in leap year, of 366 days.

Does the two-point discount section mean that an operator must remain conviction-free for a full calendar year of 365 days, each of a full 24-hours duration, or is it sufficient if he is conviction-free for a period covering the same 365 days but encompassing only portions of the first and last days. If the latter is the interpretation, then Mr. Gerace qualifies for the reduction in points.

No case directly in point has been located but a somewhat analogous situation has been considered by our Supreme Court. In Cascade Overseers v. Lewis Overseers, 148 Pa. 333, 23 Atl. 1003 (1892), the question was whether a lessee dwelled upon certain premises for one whole year. In fact, he had resided thereon only from the forenoon of April 2nd until the forenoon of April 1st of the following year. The court held, at page 336, that "the law does not regard the fractions of a day" and that the tenant was to be deemed to have lived on the premises for one entire year. The court's decision affirmed a judgment of the Court of Quarter Sessions of Lycoming County, reported at 1 Dist. R. 690 (1892), wherein that court rejected a Statutory Construction Act provision that indicated that the first day in a period of time should be excluded and went on to state (at pages 690-691):

"Where, as in the case at hand, certain rights are acquired by virtue of an act performed, and the continuance of a certain state of facts for a prescribed period, the computation of time must be made most favorable to the party whose rights are affected thereby."

In Tellip et al. v. Home Life Insurance Company of America, 152 Pa. Superior Ct. 147, 31 A. 2d 364 (1943), the Superior Court, quoting an earlier decision, said, at page 150:

"When an Act of Assembly requires a thing to be done within a certain time from or after a prior date, and deprives the party of a right for omitting it, the most liberal construction is to be chosen, and the furthest time given from which the reckoning is to be made . . ."

The pertinent section[3] of the Statutory Construction Act of November 25, 1970, P. L. 707 (No. 230), added December 6, 1972 in effect today, 1 Pa. C. S. §1908, formerly 46 P.S. §538, is similar to that which was before the court in the Cascade case. We do not believe it should control the instant case any more than it controlled the Cascade case. The Statutory Construction Act has been considered (but has been held not to control) in at least one case in which another section of The Vehicle Code was at issue. In Commonwealth v. Spangler, 47 Westmoreland 121 (1963), the court specifically rejected the use of the Statutory Construction Act to interpret a vehicle code requirement under section 1003(d)(1) concerning the validity of a certificate pertaining to the accuracy of a policeman's speedometer.

---

3. "When any period of time is referred to in any statute, such period . . . shall be so computed as to exclude the first and include the last day of such period."

While not of legal significance, it is worthy of note that the only reason appellant's license was suspended was because he was prompt in paying his fine and costs from the second offense. Under the Pennsylvania Rules of Civil Procedure, he had ten days in which to enter a plea. His failure to take full advantage of his legal rights does not absolve him of his responsibilities under the law but it does lend support for a liberal construction of the act in his favor. Perhaps, as Hamlet says, "the time is out of joint,"[4] but one technicality can beget another.

Defendant's appeal is sustained.

4. Act I, Scene 5.